Okay, Mr. Stephens. Thank you, Your Honor. Mark Stephens, representing Thomas Rhone. I want to focus on what I think is important in this due process, and in particular, the judges. And in this connection, I filed a 28-J letter citing a very recent case, Bergdahl v. United States. I recognize that it's a district court opinion, very recent, it's from another circuit, but I think the reasoning in it is impeccable and the facts are very, very disturbingly close to this one. Briefly, in Bergdahl, a military judge passed judgment on a deserter, an admitted deserter, imposed sentences, and while that was happening, it later developed, long later, that this military judge was looking forward to his retirement, and he thought he would, and did, make an application to the executive department for a job as a immigration judge. Later on, somewhat later, the plaintiff, as they call him, the serviceman, found out through press releases, brought this to the attention of the court under a writ of coram nobis. And the bottom line, the opinion is at page, the meat of that opinion is at page 55 to 60. It's a rather long opinion. The earlier portions dealt with man influence, which was not a factor. What happened there was that the judge, the meat of it was that the judge, the military judge, should have disqualified or recused himself, and he was bound by a code of judicial conduct in the military codes, which are identical to the codes that all states in Texas have about judges of any character. In this case . . . Well, counsel, let me . . . Yes. . . . what your argument . . . it seems to me most of your argument I'm not talking about this morning, but in your brief, is about the system itself, not anything specific to Texas City, but that the state of Texas is violating rights of people in front of, come of the way they allow them to be structured. Is that a fair statement of what your argument is, that it's a foundational problem in the Texas law that allows a municipal court judge to be appointed by local authorities, whether it's the city council or by some committee? Judge, I'm not saying that the state of Texas can't pass these laws. They clearly have the authority to pass laws and to constitute courts. The problem is a little bit finer than that. What's happened is nearly, as you know, all judges in Texas, except these judges, are elected, so they're independent of . . . That's what I'm saying, that so long as Texas allows these judges to be appointed, doesn't it require them to be elected? That is your central argument, is it not? That the law itself is not protective. Texas allows judges to be improperly named. It would be a good thing if Texas didn't do that, but that's not my central argument. Well, let me ask you, I'm not getting my point across clearly, and that's not unusual. It's not your fault. Is there anything specific about what Texas City does in its relationship with its municipal judge that you're complaining about? Well, Texas City and any other, I don't want to stray beyond the records, but I've had too many of these cases. And what happens is you find very quickly, as in this case, that there is reason to believe that the judge simply cannot be impartial. In this case, what we have, let me stick to this case, what we have is, and this might clarify some of my brief, there's another court, it's called the 405th District Court, a state court with an elected judge, and they went there first to get this place cleared out. They got an else. And so they basically kicked out the six people who were in these apartments. At that point, and what that did in the context of this, it gave them an argument later to say to the municipal court of record, they didn't go back to the 405th. That case is still pending. Well, rather than other cases, when you respond to Judge Southwick, your central argument isn't the constitutionality of the local government code. No. So what is your central argument? No, it's they can pass any statute they want. I know. What is your central argument? My central argument is that the judge, in this case, should have disqualified himself. Did you move for his disqualification? Yes, I did. I moved in front of the judge. It was a municipal court of judge. It was summarily overruled. We went to state court, were immediately removed. I made the same argument before the U.S. District Court, and it was, and I've addressed this in the brief. What about attorney opposite Attorney Dixon? In other words, in the record and in your pleadings, he's implicated heavily. He's the other side of the equation. Have you ever moved that he's a precipient witness or he's disqualified? Did you ever move as to him? No, Your Honor, I didn't. For example, yeah, he was there when the expert was there examining. So was I. We conducted very informal things. I won't say it didn't occur to me, but what also occurred to me was that he was not the sole witness to things that I could get testimony. But if the crux of your argument, as I understand it, I guess it's built on city of Dallas versus Stewart. You're saying this municipal judge wasn't neutral as required by the Texas Supreme Court. But the factual predicate for that is that this judge, among many other things, was employed by and submitted his opinions to Mr. Dixon. No. No. I'm not saying that this judge was subjectively not neutral. And I've made this point in the brief. The proper inquiry is whether there was an appearance of impropriety or non-neutrality. Let me ask you about that. It seems to me, just getting back to the point I was making just a bit, it seems to me that your appearance issue is a foundational issue of how this judge was appointed as opposed to elected. And so it's going to exist in every case if the city of Texas City is on the other side. So this really is a challenge, it seems to me, to Texas allowing its municipal court judges to be appointed rather than elected. And whatever we would hold here, if that's the focus of our ruling, has very broad implications as opposed to a specific complaint you have about this proceeding, this particular judge in Texas City alone. And that is answered in tab six of my exhibits and at pages 239 and 253 of the contracts. What we found out in federal court, we filed some fairly limited discovery, was that this judge was supposed to have a term from October, ending a two-year term in October of 2021. The court, the municipal court here, was in February of 2021. But about two months later on, I believe it was April the 21st of 2021, and this is at page 253 of tab six, there's a contract signed in which he's been renewed or appointed once again. And it looks like he got an early renewal jumped ahead of his October date. Now, we don't know anything more than that. The discovery was limited. But I think this sufficiently fits what happened in Bergdahl. That judge, the municipal court judge, should have disqualified himself right at that point when we were raising the issue. If nobody raises the issue, fine. But aren't, I mean, then it would go to another municipal court judge and presumably they're all in the same structural arrangement. Yes or no? Yes, like an interlocking director. Okay, but if that's true, then I think Judge Southwick's questions are pointed, which is you're saying the system has deficiency. But I guess you're saying, no, this particular incident somehow was more infringing the property that was deprived without just compensation, really lacked process because of specific circumstances of this transaction. Let me put it this way. The municipal court of record can try, in a lot of the cases, counsel sites have to do with criminal cases, you know, petty things, theft, minor assaults. Nobody questions that the city through its prosecutors can bring those cases in this court. But this case is different because the city was essentially a party in interest. They were pushing to get rid of this building we maintain for cosmetic reasons. That's the reason I mentioned the Crown Counsel case because that's the first case I've seen anywhere where there was mention of exactly where the limit is of the police power. The theory of your case is they wanted urban renewal. They didn't have the money to pay just compensation, so they come up with a nuisance and they obey. That's the theory of your case? Yes. Which nuisance? If they'd wanted to, that 405th District Court and county courts could also hear that. The crux of this case was that the state, or rather city council, ultimately, as the party in interest, was running this show and they insisted on having it in front of a judge whom they appointed on what I've submitted as a very, very short, tenuous leash. Non-renewal, two years away, and discussions of an early renewal two months after the hearing are too close for constitutional comfort. So you're telling us that the fix was in, right? It was all fixed? No, Judge. I'm not telling you that. The earlier reappointment was all some kind of reward or some kind of inside deal. That's what I'm hearing you say. It looks like it, but that's not it. Let me tell you why. Charlie Dunkle is a good guy. People like him, okay? I like him, but my client doesn't know him, and the public doesn't know him the way I know him, and that's why the courts distinguish between what I call subjective bias, which is rarely provable, and oftentimes the judge even thinks, or perceived bias, and that's where that statement, well, I've got it here. In the Bergdahl case, they use these words. They said, while appearance may be all there is, that is enough for constitutional disqualification. Excuse me, a little dry here. Now, where I'm going, I hope I've made that distinction clear. What was going on was the city, I'm not saying that the fix was in, but the city probably thought it had an advantage. So much so, let me jump ahead a little bit to this mootness argument. After this case was on appeal, there was a microburst incident, and the city refused to let Mr. Rome repair the roof damage. Now, I argued at the time that this was something like a custodial legacy situation. Everybody had an obligation to preserve the race that was at the basis of this court's jurisdiction. The city didn't want that. What's the remedy you want? We remand to the district court to not give substantial evidence deference or to do something else? Something that, well... We need a specific, you're saying due process violation, therefore vacate remand because the federal district court gave deference to a judge that had an appearance of impropriety, or is it something else? Well, it's that plus this. The deference only goes to factual determinations. The legal determination of whether it was a nuisance is one that is not subject to substantial evidence. So there's a couple of problems there. The remedy, first of all, I point out in Bergdorf, what they did was say everything this judge did is void. I think the same thing happens here, but that doesn't solve the problem. The problem has to be a remand to a court that's not potentially beholden to the City Council of Texas City, and certainly the district court is as good as any. The federal district court for that, but it has to be remanded under appropriate instructions to basically consider the previous proceedings void and to determine on its own without any... This does loop back, I think, to Judge Southwick's questions, which is, why wouldn't, if we were to rule that way, that would be usurping all municipal courts that are in this type of arrangement? It would be allowing venue in the first instance with federal courts? Yes, yes, I think so, and that's what I'm after. I'll be, you know, very frankly. Actually, it goes well beyond that. I served for two years as chair of the City of Houston Civil Service Commission, appointed by the mayor. Hundreds of appeals of employee disputes brought to us by the employees and sometimes with their union assistants, defended by the city attorney's office, all of whom were under the auspice of the mayor who had appointed me to that commission. You're saying that entire system was invalid because even if there wasn't actual bias or impropriety, there would be an appearance, there could not be a fair hearing before the commissioners who were appointed by the mayor, who was trying to get these employees disciplined or fired, right? That entire system would be invalid. Yes, sir, because what I'm asking for is to fully implement what the Texas Supreme Court said in the Stewart v. City of Dallas case. They had commissions appointed by the city hearing these things, so they said, no more. We can't have these commissions which are appointed. So what did they do? They created a court, and significantly they allowed these cities to make the determination of whether the court, whether the judge would be elected, as all other judges in Texas, were appointed almost unanimously. The cities, particularly in Galveston County, have decided to have those judges appointed. And the courts are fine for a variety of different cases, but not where the city is effectively a party in interest. And I don't see any way out of that. And if it goes beyond that, I think that would be a salubrious thing because the alternative we're just, this case is like the one mouse you see in a barnyard and my time's disappearing, and the four you dumped. This is happening all over the state. All right, thank you, and you saved time for a vote. Thank you, Your Honor. Okay, Mr. Dixon. Good morning. Kyle Dixon on behalf of the Appellee, the City of Texas City, Texas. I want to start by answering Judge Southam's question that he posed to the appellant's attorney. What they're challenging here is the constitutionality of two sections of legislation for the state of Texas. They're challenging chapter 30 of the government code, in other words, the process by which municipal courts are created and the judges are selected and appointed is unconstitutional, and section 214 of the local government code, which deals with substandard structures. The way in which a municipal court of record, like Texas is, is that it nominates an elected official, nominates a judge, and they are confirmed by the city commission, and that's what happened in this case. To use his analogy with the current, with this current panel, you all were nominated by an elected official. You were confirmed by an elected official. You get remuneration from the federal government. To take his argument to the conclusion, you would not be able to preside over a case in which the United States were the official judge. It's not in your interest. Counselor, let me ask you about specifics of how Texas City handles this. Would you explain the contract that he's talking about? It almost looks like a contract of representation. It's not. So the city, the city, the mayor nominated or nominates municipal court judges. The commission has approved three. The city then provides a means by which they are compensated for the services they are rendered. In this case, this judge, who's also a practicing attorney, sent over a form of agreement that says I've been engaged by the city to be this court judge, and here's my, here's my, the way in which I'm going to be compensated, and he asked that that go through his law firm as opposed to him individually. The other two have similar arrangements. All right, counsel, let me ask you, I'm going to turn to that contract in just a minute. The order of abatement in this case by the municipal judge talks about the petition for abatement that I don't think is in your record. I assume the city attorney's office filed that petition. Maybe you filed that petition for abatement. Yes. Okay. The order of abatement is then approved by you as to form substance and whatever, and that's also part of the contract that you are to approve, probably the same language you probably call it. I'm looking for where that is, but regardless, it says that the city attorney is to approve the orders of the municipal judge. Is that the way municipal courts operate in Texas, or is this something specific in municipal court's ruling in a case in which the city is the petitioner? I'm not approving. You're approving the substance according to what's at the end of the order. I'm not approving the ruling by the court. When we are prosecuting, we are preparing in the abatement cases the forms of the order based on the findings of the court, and so the court made certain findings, and so the order conformed to the court's finding, and by entering it as to form and substance, I as a city don't have the right to appeal anything that the judge did because I have concurred with the findings the court made. Well, let's say you disagreed. Could you disagree with the municipal court's judge finding to the contrary and disagreeing with the petition to abate? Yes. What would and what would happen then? I would appeal it like I've done. Well, if you disapprove it, it sounds to me that it wouldn't be entered at all. There would be an order entered. I just wouldn't, I wouldn't, I wouldn't be approving that, and it would likely be subject of appeal. So you're saying all this means is you're indicating the city itself accepts it? Correct. And so it'd be up to the other party to do something. If you don't accept it, the city could appeal. Correct. So if you leave that approval blank, the decision stands? If you don't approve his decision that he had to pre-submit to you? That's correct. That means it's effectively a notice of appeal, or is the order, the abatement order, not issued without your signature? No, the abatement order is issued, and in this case, we started this process in January of 2020, when the appellant was given a notice that the buildings were an issue for the city. There was the initial trial, the first abatement hearing that occurred in November of 2020, at which time the court dismissed the case because it found that there was an error in the legal description of property. So the property was re-examined, a new notice was given, and another hearing was held on February the 24th, 2021. I did not approve the entry of the order. I didn't do the order that was entered in November saying the case is dismissed because you didn't get the legal description of the property correct. You didn't approve it? No. That turned into an appeal, or that nullified the order? It was an error. There was an error in the legal description. It was incorrectable. We had to start Correct. So had you not signed here approving it, there would have been no abatement the second time around? Correct. You see, okay, there again, it may just be my lack of familiarity with Texas local government, but the contract signed between you and Judge Dunkel describes him as a client of Texas City. I appreciate that language, but he's not a, the city is not a client. But that's the unilateral right to fire and rehire him? Or does he have removal protection? No. The commission, the commission has to remove him by a majority vote. What about rehire? He has to be reappointed again in two years. Just like all of our judges, they're up for reappointment for every two years. I mean, this is, the way that Texas City conducts this court is the way every other municipal court, at least according to the appellate, 79 percent of the municipal courts of record in Texas do the same thing that the city of Texas City does. Well, that's appointing. My concern is this final fail-safe for the city, that you get to review the order of the municipal judge, and I found the contract language now, where the judge says, I will maintain communications with you, Mr. Dixon, during my tenure, and all material decisions affecting the office of municipal court judge will be submitted to you for approval. It really makes you sound like the super judge, and the municipal court judge is just your subordinate. No. Well, let me ask you, is this a fairly standard way, or do you know, for the city attorney after municipal court judge makes a decision that the city attorney reviews that decision? Is that standard practice in Texas? I don't know about other cities. I'm a city attorney for three cities. When it comes to, the municipal court judge can prosecute, through the prosecutor, we can prosecute class C misdemeanors, okay? We can also prosecute violations of the city's applicable ordinances. This was a prosecution of the applicable ordinances because we believe the cases in which I am involved and represent the city's interest in those proceedings. Well, you talk about case law, which is there, that Texas has approved the appointment of municipal court judges. Are you aware of any case that's approved the kind of arrangement, as addressed, the kind of arrangement that you can tell is of some concern, at least to me? I cannot, your honor. I mean, every one of our, every one of our municipal court judges is compensated for the service that they render, but they act independently in the courthouse. It's the independence that worries me in light of the contract. If they are truly independent, this contract seems to be misdirected. How long have you been in the system? How long have you been familiar with Texas's cities municipal court's appointment system? Six plus years, seven years? Because I guess, and correct me if I'm wrong, if we try to get back to Texas law, the most important decision is city of Dallas versus Stewart. Correct. 2012. And there, I take it you'd say, well, that was focused on commissions and agencies. They're not independent enough. And what concerns me in this record is just because Judge Dunkel is called a judge, how is his position any different than the commissioners that the Texas Supreme Court said cannot deprive citizens of property without due process and just compensation? Our municipal court judges, our municipal court of record is a creature of statute. Texas government code chapter 30 provides who we are to appoint the qualifications for those judges and the terms of those judges are to be assigned courts, you know, two or four years. And we're to do that, we're to do that by ordinance, which we've done. There's no challenge by the appellate that the process that we went through establishing our municipal court of record and administering is not in compliance with chapter 30 of the government code. What Stewart said though, Stewart said is that when you appeal a decision by a, an appointed board, okay, the trial is de novo. Okay. And that, that the board, and I would agree the board can't adjudicate due process claims. They can't, all they can adjudicate, they can't adjudicate anything, they can just make a decision. And that decision can be appealed and that appeal is reviewed de novo. Everything, no substantial evidence deference. Right. Municipal court of record under both the government code and under 214 state that an appeal from a municipal court of record is not de novo. In fact, it's prohibited under the government code and under 214, it says the substantial evidence, the substantial evidence rule is what is applied in the appeal of that to the district court. So the entire chapter 30 scheme has been, was in existence when Stewart was decided that it was not mentioned. If the Supreme Court had had an issue with municipal court of record and the way in which those cases were prosecuted, and in particular, 214 was also in existence, which 214 is the, is the chapter of the local government code that provides for the way in which municipalities can deal with substandard structures. That wasn't, that was in existence as well and wasn't addressed by the Texas Supreme Court. They were talking about once a decision is made by an appointed board and you appeal that, the standard of view is de novo and it doesn't bar claims of due process violations, et cetera. In this case, the appellate can appeal to the district court. It's the 214 and chapter 30 government code. Both require that it not be de novo and it be a substantial evidence review of the case. And as the appellate did in this case, they are free to bring those due process claims. Let me ask you what the city is doing. It could be completely correct. We'll have to decide and we also have to decide whether the right issue has been joined here. Is there any part of either the Texas statute or even the ordinance for Texas City that we looked, at least I looked at, that allow for municipal judges? Would you identify any particular statutory or ordinance support for you having final review of a municipal court order? No, there's none. I just review it. I mean, anytime there's, anytime there's an order submitted to a judge in a case, I prepare the order. I acknowledge that I approve it. I mean, I give the orders to district court judges or to other judges. The attorney who brings the case, as you said, you did the abatement, doesn't usually approve the order as to substance. Correct. Because I prepared, I drafted the order and I gave it to the judge and I agreed that the rulings the court made were correct. And therefore, I would have, if there was an appeal, I would have waived any liability. Proceed. There's no reply brief. The record, at least as I could see it, is a bit imperfect. What is, what was the evidence that was reviewed for substantial evidence as to uninhabitability? Is that in the existing record? Do we have? So that's a great question because when they appealed to the district court and it was removed, they never challenged the finding that the buildings were substandard. There's no challenge to that. There's no challenge. The issues raised by the appellate aren't that the building was substandard. The issues they've raised at the district court and the issues they've raised here have to do with the constitutionality of the process, not the finding that the buildings were substandard. Okay. Well, just indulge me then. He gets the property from his grandmother. Right. And, and then, then I get a little bit lost because it looks like that there was some testimony in the record. The police, the fire chief who said, well, yes, he actually got, he got inspected and passed multiple times, but then he hits a speed bump. Right. So the last inspection, he's inspected. He's okay. He's inspected. He's okay. And then all of a sudden, no. And was he unable to come up with the money to meet the code upgrades? It wasn't grandfathered to be able to make it inhabitable. Is that the inspection we're aware of in two 13. So fast forward eight years later, there's another inspection in January of 2020. And the inspector determined that the buildings are substandard in need of fairly significant repairs to maintain it. And it has no certificate of occupancy. Okay. If the trial in February of 2021, we had an, we had an expert witness structural engineer, he had reviewed it. The appellate had a, an engineer that had reviewed it. And then there was a testimony of those who were qualified, the fire marshal, the building inspector, et cetera, who also testified. And based on that testimony, the photograph, et cetera, the court found the buildings to be substandard. Whether or not the appellant had the ability, financial ability to bring the building up to code or make the renovations necessary to take it from being a substandard structure is an unknown. And then they were demolished. Sorry. Then they were demolished. Demolished. Yes. It was demolished after the court denied the stay, the stay of the final order. And he, of course he got no just compensation, correct? Correct. But again, what was being chapter three of the government code, chapter two, 14 local government code. And I want to have procedurally both under federal rule 5.1 and under the Texas separate civil practice and remedies code, the textual attorney general was to be given notice of this challenge because it would affect every municipal court of record in the state of Texas. And that was not done. That's 5.1 5.1. But it also says subsection D a party's failure to file and serve the notice does not forfeit a constitutional claim that is otherwise timely asserted. Sir, the notice on the state attorney general of statute is what is subsection read subsection D. Okay. What does it say? I don't have section D. I think it says a party's failure to serve the notice. What you're saying had to be served does not forfeit a constitutional claim that is brief would require the attorney general be given notice along with along with the Texas civil practice remedy code section 37.006 B that says in any proceeding that involves the validity of a municipal ordinance or statute, the state attorney general must also be served with a copy of the even by a court. So we would have to give. Would you oppose us asking for the views of the solicitor general of Texas in this case? I'm not saying my panel would. I would you would oppose that. And yet he should have gotten notice. No, under the under the certified question, not certified to the Texas Supreme Court. Would you oppose us asking for an amici point of view from the Texas solicitor general above all because the constitutional attack, which is what you claim is asserting, requires notice to the attorney general. Do you have any reason to oppose us getting an amici? No, you don't. Okay. All right, Cal. Thank you. Mr. Stevens, a reply brief would help in a case like this. I'm sorry, sir. A reply brief would very much help to respond to the positions of the other side. I'll be glad to submit. No, no, I don't have that. That's not what I'm saying. It just so Mr. Mr. Stevens, Mr. Mr. Dixon said that you didn't really that you you question the constitutionality of the statute, but that you didn't really attack the finding of substandard conditions at the property. Is that right? To some degree, yes. And here's why. There was no question that this property needed some repairs, a punch list here and there, and some of it was serious, but the the building itself was structurally sound. The things were, for example, they and I think that this is fairly in the record, Mr. Dixon would flex this rail on the second floor. All rails flex to some degree. It gets and jumps up and down, and from the middle of the floor, it flexes. Anybody who's been in a okay, there were things of that nature. The question was, and it was a question of law, is whether these amounted to something that was, and under the statutes, it has to be an immediate threat to health and welfare. I stress immediate because the evidence that was produced from the fire marshal Harris was that, well, you have these things, you have electrical things that need to be repaired. Call an electrician. That's what people do. But he was saying it's dangerous because in the future, it might lead to a fire, and we might have difficulty fighting the fire. There's just a whole bunch of subjunctive bites in there. That's not immediate. If that were the standard, and I believe I would have argued this probably if we'd had an oral argument, then any building that's not made out of non-combustible concrete would be subject to demolition if you could find a bad electrical socket under that theory. But let me ask something a little specific. It is true that we do not have the issue before us of whether there were sufficient evidence to find this to be a nuisance. That issue isn't before us. Is that correct? I think it was contested. It was contested. It was contested below, but it's not in your brief. I said it as a statement. That's my question. Is it in your brief here that there was insufficient evidence, it should not have been found to have been a nuisance, and you're asking us to reverse that? Is that in your brief? I think in substance it was, but in high verba, no. Okay. Okay. Because you're saying the adjudicator couldn't adjudicate the case in the first place. That's exactly it. It's more fundamental than that. Okay. So you're asking us a fundamental point. You could be wrong about the fundamental point, and it still might not be a nuisance, but we don't have that secondary issue. The problem is I think the original proceedings, referring again to Bergdahl, were void. I think this— We'd have to agree with you on that part, but I'm saying you had two possible ways to succeed. One's not a federal issue, but if you're properly in this court, and that's to find that there was not sufficient evidence. Anyway, I am just noting some things. You can proceed. I believe most courts, including this court, are obligated to examine the basis of their own jurisdiction, and I think that extends to jurisdiction below. The way I frame this, this court, this municipal court of record, had no jurisdiction because the judge was, under the standards that I've argued, disqualified, just as in Bergdahl. The entire thing was a nullity, and we've got to start over. Now, as to the evidence, once again, I've made this point. There was no question that the building needed work. The question was whether it was an immediate threat to public health. That's a legal question. It's not even subject to substantial review restrictions, and the court, the district court, simply didn't recognize that. It simply applied substantial evidence. So, I think I heard Mr. Dixon say that you could have, you could have taken this issue to state district court. Is that right? I did, and I got removed to federal district court, which was fine. Okay, one courts, they've got, they were 1983 in federal issues, they had federal removal jurisdiction. My point is that they should have taken this case when they went and kicked the people out. They should have said, by the way, it's substandard. Will you, the elected district court, do this for us? Instead, and this is critical, what they did was they had the people kicked out and used that year-long vacancy as an argument later on to upgrade the cosmetic or aesthetic codes of 2015. My time is out. May I just make one observation? No, no, your time has expired. Thank you, Mr. Stevens. Thank you, Your Honors. Your case and all today's cases are under submission, and the court is in recess until nine o'clock tomorrow.